PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>PAUL JOSEPH ESPINOSA,<br><br>   Defendant. | Case No: 1:21-cr-00313 JLT/SKO<br><br>**STIPULATION TO CONTINUE OCTOBER 5, 2022 STATUS CONFERENCE TO DECEMBER 21, 2022; ORDER**<br><br>Ctrm:   7<br><br>Hon. Sheila K. Oberto |

This case is set for a status conference on Wednesday, October 5, 2022. Dkt. 22. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020, . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

1

will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

On May 26, 2021, and in part "given the progress in vaccination programs and the resulting lowering of risk to public health as evidenced by reductions in rates of infection, hospitalization and death due to COVID-19", this Court issued General Order 631. Within General Order 631, this Court: (1) reopened the court to the public, (2) gave each judge the authority to "determine whether to hold proceedings over which that Judge presides in person in a courtroom or by telephone or videoconference" and (3) if "any Judge [elects to conduct] any criminal proceeding by telephone or video conference . . . [the Court] continues to authorize the use of telephone or video conference with a defendant's consent." General Order 631, ¶ ¶ 1, 4 and 5. (E.D. Cal. May 26, 2021). The court's above protocols were recently extended through December 17, 2022. General Order 655 (E.D. Cal. September 19, 2022).

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public

and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

///

///

3

# STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Barbara Hope O'Neill, counsel for defendant Paul Joseph Espinosa ("defendant"), that this action's **Wednesday, October 5, 2022, status conference be continued to Wednesday, December 21, 2022, at 1:00 p.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. The grand jury returned an indictment regarding this matter on December 16, 2021. Dkt. 7. Since that time, the parties agreed to and presented to the court a stipulation and proposed protective order regarding the production of confidential information regarding third parties without redactions, which the court endorsed by way of formal order on January 5, 2022. Dkt. 14. The government then prepared and delivered an initial set of discovery to defense counsel afterwards, and within the time limits set forth by Eastern District (Cal.) Local Rule 16-440. The defense is and has been reviewing discovery thus far provided.

2. The government currently believes all discovery has been produced pursuant to Rule 16 or otherwise made available for the defense's inspection and review pursuant to the Adam Walsh Act. If the government identifies additional information that should be produced as supplemental discovery, the government will promptly produce it in accord with Rule 16.

3. As defense counsel completes her analysis of the discovery produced in this case, counsel for the government will work with the defense and HSI's Fresno office to ensure that the defense is able to also timely review, upon its request, any electronic evidence in this case in accord with relevant provisions of the Adam Walsh Act. As referenced in the Indictment, this case involves multiple electronic devices, each of which containing voluminous data.

4. Upon the defense's ability to complete its review of discovery, counsel for the parties will meaningfully discuss the extent this case might be resolved short of trial. On this end, counsel for the government has prepared a draft plea agreement regarding this matter and expects it to be internally approved and delivered to the defense for its analysis within the

next week.

5. Defense counsel needs more time to complete its investigation and determine the extent an expert should be hired.

6. The parties therefore stipulate that the period of time from October 5, 2022, through December 21, 2022, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  September 26, 2022                    PHILLIP A. TALBERT
                                              United States Attorney

                                        By:   /s/ Brian W. Enos
                                              Brian W. Enos
                                              Assistant United States Attorney


                                              (*As authorized 9/26/22*)

Dated: September 26, 2022               By:   /s/ Barbara Hope O'Neill
                                              Barbara Hope O'Neill
                                              Attorney for Defendant
                                              Paul Joseph Espinosa

**ORDER**

IT IS ORDERED that the status hearing currently set for October 5, 2022, at 1:00 pm is continued until December 21, 2022, at 1:00 pm.

IT IS FURTHER ORDERED THAT the period of time from October 5, 2022 through December 21, 2022 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated: 9/27/2022

*Sheila K. Oberto*
Honorable Sheila K. Oberto
United States Magistrate Judge