PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>             v.<br><br>PAUL JOSEPH ESPINOSA,<br><br>                     Defendant. | Case No: 1:21-cr-00313 JLT/SKO<br><br>**STIPULATION TO: (1) VACATE FEBRUARY 15, 2023 STATUS CONFERENCE; (2) SET OCTOBER 2, 2023 TRIAL CONFIRMATION HEARING; AND (3) SET OCTOBER 24, 2023 TRIAL DATE; ORDER**<br><br>Ctrm:   7<br><br>Hon. Sheila K. Oberto |

THE PARTIES HEREBY STIPULATE, through their respective counsel, Assistant United States Attorney, Brian W. Enos, on behalf of the government, and Barbara Hope O'Neill, Esq., on behalf of defendant Paul Joseph Espinosa ("Espinosa"), that this action's: (1) February 15, 2023 status conference be vacated; (2) trial confirmation hearing be set for Monday, October 2, 2023; and (3) trial date be set for Tuesday, October 24, 2023.

This case is set for a status conference on Wednesday, February 15, 2023. Dkt. 31. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to

continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to address public health concerns related to COVID-19.

On May 26, 2021, and in part "given the progress in vaccination programs and the resulting lowering of risk to public health as evidenced by reductions in rates of infection, hospitalization and death due to COVID-19", this Court issued General Order 631.  Within General Order 631, this Court: (1) reopened the court to the public, (2) gave each judge the authority to "determine whether to hold proceedings over which that Judge presides in person in a courtroom or by telephone or videoconference" and (3) if "any Judge [elects to conduct] any criminal proceeding by telephone or video conference . . . [the Court] continues to authorize the use of telephone or video conference with a defendant's consent."  General Order 631, ¶¶ 1, 4 and 5. (E.D. Cal. May 26, 2021).  The court's above protocols were recently extended through March 16, 2023.  General Order 656 (E.D. Cal. December 18, 2022).

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

1  (Local Code T4).  If continued, this Court should designate a new date for this matter's next status

2  conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

3  continuance must be "specifically limited in time").

**STIPULATION**

5      The parties base this stipulation on good cause and therefore ask the court to endorse this

6  stipulation by way of formal order.  Specifically,

7      1.  The grand jury returned an indictment regarding this matter on December 16, 2021, alleging

8          counts including attempted coercion and enticement of a minor, in violation of 18 U.S.C.

9          § 2422(b) [Count One]; and unlawful possession of a firearm, in violation of 18 U.S.C.

10         §§ 922(g)(9) and 924(a)(2) [Count Two].  Dkt. 7.  On February 1, 2023, the court issued a

11         minute order "direct[ing the parties] to meet and confer and select a mutually convenient date

12         for trial."  Dkt. 31.  Within this same order, the court further advised that "the parties may

13         stipulate to the trial date, with an appropriate exclusion of time."  Ibid.

14     2.  The parties have since met and conferred about both a trial confirmation hearing and trial

15         date, and cleared these dates with chambers of Courtroom 4.  In light of these efforts, the

16         parties ask the court to endorse their stipulation to set the trial confirmation to take place on

17         Monday, October 2, 2023, in Courtroom 4, and further set trial to commence on Tuesday,

18         October 24, 2023, in Courtroom 4.  The parties estimate that trial should be completed within

19         3-4 full days.

20     3.  The parties continue to be engaged in plea negotiations, and are hopeful that an agreement

21         might be reached that will eliminate the need for trial.  On this end, counsel for the

22         government has drafted and delivered a written plea offer to the defense for its analysis.  If

23         this matter is not resolved prior to trial, however, defense counsel will need additional time to

24         investigate the case including potential defenses, hire and interact with experts, review

25         electronic evidence in accord with 18 U.S.C. § 3509 of the Adam Walsh Act, contact

26         potential witnesses, complete its review of discovery and supplemental discovery, and

27         communicate with Mr. Espinosa.  Counsel for the government will ensure that any additional

28

4

1  information that it locates and should be produced pursuant to Rule 16 is indeed identified

2  and produced.

3  4. The parties identified the October 24, 2023, trial date in light of their analyses of relevant

4  trial calendars, as well as agent and other witness availability.

5  5. Counsel for defendant believes that failure to grant the above-requested continuance would

6  deny him the reasonable time necessary for effective preparation, taking into account the

7  exercise of due diligence.

8  6. The parties therefore stipulate that the period of time from February 15, 2023, through

9  October 24, 2023 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and

10  3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the

11  parties' request on the basis of the Court's finding that the ends of justice served by taking

12  such action outweigh the best interest of the public and the defendant in a speedy trial.

13  IT IS SO STIPULATED.

14

15  Dated: February 3, 2023                          PHILLIP A. TALBERT
                                                    United States Attorney
16

17                                          By:  /s/ Brian W. Enos
                                                    Brian W. Enos
18                                                  Assistant United States Attorney

19

20                                                  (*As authorized 2/3/23*)

21  Dated: February 3, 2023               By:    /s/ Barbara Hope O'Neill
                                                    Barbara Hope O'Neill
22                                                  Attorney for Defendant
                                                    Paul Joseph Espinosa

23

24

25

26

27

28                                          5

**O R D E R**

IT IS ORDERED that

      (1) the status hearing currently set for Wednesday, February 15, 2023, in Courtroom 7 is

            vacated;

      (2) a trial confirmation hearing is set to be heard on Monday, October 2, 2023, in

            Courtroom 4; and

      (3) trial is set to commence in Courtroom 4 on Tuesday, October 24, 2023.

      IT IS FURTHER ORDERED THAT the period of time from February 15, 2023 through October 24, 2023 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated:   2/3/2023          *Sheila K. Oberto*
                                Honorable Sheila K. Oberto
                                United States Magistrate Judge

6