Barbara Hope O'Neill  #102968
Attorney at Law
Post Office Box 11825
Fresno, California 93775
Telephone:  (559) 459-0655
Fax: (559) 459-0656
Attorney for Paul Espinosa

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>PAUL JOSEPH ESPINOSA,<br><br>Defendant. | CASE No:  1:21-cr-00313-JLT<br><br>PAUL ESPINOSA'S<br>SENTENCING MEMORANDUM<br><br>Date:     March 25, 2024<br><br>Hon. Jennifer L. Thurston |

    On September 25, 2023, Paul Espinosa pled guilty to one count of a two-count Indictment. Count 1 charged Mr. Espinosa with Attempted Coercion and Enticement of Minors, in violation or 18 U.S.C. section 2422(b).  He is to be sentenced on March 25, 2024 by the Hon. Jennifer L. Thurston.  He plead to an attempted coercion and enticement of a minor. The intended victim was an undercover law enforcement agent.  The charge carries a mandatory minimum of 120 months.

    The parties entered into a plea agreement which was filed with the court. (Doc. 44).  The stipulated guideline calculation by the parties is an Adjusted Offense Level of 34 with an Acceptance of Responsibility deduction of 3 for a Total Offense Level of 31.  The defense further agreed not to argue for a sentence below the mandatory minimum.  The government agreed to recommend a sentence at the low end of the guideline range.  The Presentence Investigation Report opines that Paul Espinosa accepted responsibility for his actions during his interview with probation and therefore deducted 3 points from the offense level in their calculation (PSR) (Doc.

56).

Mr. Espinosa's criminal record was calculated and determined to be zero which establishes a criminal history category of I. According to the Sentencing Table an offense level of 31 and a criminal history of I carries a sentence of 108 to 135 months. The PSR calculations were higher with an offense level of 33 with a criminal history category of I. The stipulation of the parties as to an offense level of 31 should be maintained. The government intends to abide by the stipulated sentencing calculation in the plea agreement and so noted in their informal objections. (Doc. 56-4).

18 U.S.C. Code sec. 3553(a) outlines the factors to be considered in imposing a sentence. "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection". Among other considerations the sentence needs to reflect the seriousness of offense, promote respect for the law and provide just punishment as well as to deter criminal conduct, and protect the public. The nature and circumstances of the offense and the history and characteristics of Paul Espinosa also shall be considered.

The sole criminal charge Paul Espinosa has had since 2006 is a misdemeanor drug possession charge in 2018 for which he was granted diversion. He has taken responsibility for his actions by admitting to the detailed factual bases attached to the plea agreement. Due to his zero criminal history points a sentence of 120 months is sufficient, but not greater than necessary, to comply with sentencing purposes.

Dated March 25, 2024                    /s/Barbara Hope O'Neill
                                        Barbara Hope O'Neill
                                        Attorney for Paul Espinosa