PHILLIP A. TALBERT
United States Attorney
BRITTANY M. GUNTER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:21-CR-00313-JLT-SKO |
|---|---|
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| PAUL JOSEPH ESPINOSA, | DATE: March 25, 2024<br>TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. Jennifer L. Thurston |

The United States of America, by and through its undersigned counsel, respectfully requests that the Court sentence Paul Joseph Espinosa ("the defendant") to the low end of the applicable guidelines range, including application of the mandatory minimum term of imprisonment of 120 months, and 120 months of supervised release. In addition to the mandatory $100 special assessment, the government agreements with Probation that the defendant should be ordered to pay the $5,000 assessment pursuant to the Justice for Victims of Trafficking Act ("JVTA").

### I.    APPLICABLE GUIDELINES CALCULATION

As indicated in the government's formal objections to the Presentence Investigation Report ("PSR"), and in accordance with the plea agreement, the government submits that the defendant's total offense level should be 31 with a criminal history category I.  ECF 44, at 9; ECF 57.  The parties did not stipulate to the 2-level enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2G2.1(b)(1)(B) for involvement of a minor, which Probation applied in the PSR.  ECF 44, at 9; PSR ¶

31. The government intends to abide by the stipulated guidelines calculation in the plea agreement. ECF 44, at 9. Accordingly, the applicable guidelines range is 108-135 months. However, after applying the 120-month mandatory minimum, the guidelines range becomes 120-135 months. Consistent with the plea agreement, the government recommends that the Court sentence the defendant to the low end of the guidelines range, which would be 120 months of imprisonment. ECF 44, at 9.

## II. A SENTENCE TO 120 MONTHS OF IMPRISONMENT IS APPROPRIATE PURSUANT TO THE § 3553(a) FACTORS

The government's recommended sentence of 120 months of imprisonment followed by 120 months of supervised release is sufficient, but not greater than necessary, to accomplish the sentencing factors at 18 U.S.C. § 3553(a). This recommendation is justified by the defendant's offense conduct, the defendant's history and characteristics, the need to provide just punishment, the need to protect the public, and the need to afford adequate deterrence. § 3553(a)(1), (a)(2).

### A. The nature and circumstances of the offense and the history and characteristics of the defendant support a 120-month sentence of imprisonment.

For over a month, the defendant sent sexually charged messages to an undercover law enforcement officer ("UC officer") that the defendant believed to be a fifteen-year-old female. PSR ¶¶ 8-19. On multiple occasions, the defendant acknowledged that he believed the UC officer to be a minor. PSR ¶¶ 7, 9-10, 18. However, he continued to send her messages about laying naked together, requesting "nude" and "half nude" pictures of her for his eyes only, sending her sexually explicit photographs of adult nude females, and discussing engaging in sexual activity with her. PSR ¶¶ 11-19.

The defendant then acted on his sexual desire by traveling to meet the UC officer. PSR ¶ 21. He took that step after telling the UC officer that he intended to "put his phone on airplane mode for two hours." PSR ¶ 20. After the defendant arrived and was placed under arrest, law enforcement discovered the defendant had a firearm and small amount of cocaine. PSR ¶ 21.

The defendant's conduct in engaging in these conversations and then attempting to meet with the UC officer is concerning. His conduct presents a significant danger to children. However, in fashioning its recommendation, the government has also considered the defendant's medical conditions and relatively dated criminal history. A 120-month sentence is appropriately lengthy, reflects the seriousness of the offense, and provides just punishment, while also accounting for the defendant's

history and characteristics.

**B. The need for the sentence to protect the public and afford adequate deterrence supports a 120-month term of imprisonment and 120-month term of supervised release.**

A prison term of 120 months is sufficient to deter the defendant from future criminal activity. By adequately deterring the defendant, the sentence in turn also serves to protect the public. When combined with a 120-month term of supervised release that involves sex offender treatment, the defendant should also become equipped with sufficient insights and techniques to help reduce the risk that he presents to the public, particularly children. The conditions of supervised release proposed by Probation in the PSR will also allow for appropriate monitoring to ensure he continues to rehabilitate throughout the supervised release period.

### III. JUSTICE FOR VICTIMS OF TRAFFICKING ACT ASSESSMENT

The JVTA created a mandatory $5,000 special assessment that applies to non-indigent defendants convicted of certain offenses, including § 2422(b) (attempted coercion and enticement of a minor). § 3014. The assessment funds shall be used to award grants that may be used for the "provision of health care or medical items or services to victims." § 3014(h)(2).

As part of the plea agreement, the defendant agreed to pay the $5,000 JVTA assessment. ECF 44, at 3. The defendant can work while incarcerated. He also has job skills that can be used upon his release to generate pay towards the JVTA assessment. The government does not recommend the imposition of a fine or an additional discretionary assessment under § 2259A(a)(2).

### IV. CONCLUSION

Based on the foregoing, the government respectfully requests that the Court impose the recommended 120-month sentence of imprisonment, to be followed by 120 months of supervised release, with the conditions recommended by Probation, including sex offender treatment, sex offender registration, and $5,100 in assessments.

Dated: March 19, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ BRITTANY M. GUNTER
BRITTANY M. GUNTER
Assistant United States Attorney